## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

**DOUGLAS EUGENE DAVIS,**

   **Plaintiff,**

        **Case No.:**
        **Hon.**

**v.**

**ISABELLA COUNTY, Isabella County Corrections Officers CHRISTOPHER CLULEY, SHAWN NARRAGON and TAYLOR PATTON, in their individual and official capacities, jointly and severally,**

   **Defendants.**

_____/
**MARK L. DOBIAS, P.C.**
**Mark L. Dobias (P35160)**
**546 Ashmun Street PO Box 480**
**Sault Ste. Marie, MI 49783**
**906.632.8440**
***dobiaslaw@sbcglobal.net***
_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, DOUGLAS EUGENE DAVIS, by and through his

attorney, MARK L. DOBIAS, P.C.  and in his complaint against Defendants

CHRISTOPHER CLULEY, SHAWN NARRAGON, MICHAEL MAIN and

ISABELLA COUNTY  states as follows:

### PARTIES

1. Plaintiff DOUGLAS EUGENE DAVIS is a resident of Topinabee, Cheboygan

   County, Michigan.

2. That at all times involved as set forth in this complaint, Plaintiff DOUGLAS EUGENE DAVIS was a resident of Mount Pleasant , Isabella County, Michigan .

3. Defendant ISABELLA COUNTY is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

4. That at all times involved as set forth in this complaint, Defendant, CHRISTOPHER CLUELEY was an Isabella County Sheriff's Department corrections officer employed by Defendant ISABELLA COUNTY acting  under the color of state law in a personal and official capacity.

5. That at all times involved as set forth in this complaint, Defendant, SHAWN NARRAGON  was an Isabella County Sheriff's Department corrections officer employed by Defendant ISABELLA COUNTY acting  under the color of state law in a personal and official capacity.

6. That at all times involved as set forth in this complaint, Defendant, TAYLOR PATTON was an Isabella County Sheriff's Department corrections officer employed by Defendant ISABELLA COUNTY acting  under the color of state law in a personal and official capacity.


7. That the amount in controversy exceeds the amount of $75,000.00, and pursuant to 28 U.S.C. § 1332, this action is otherwise within the jurisdiction of this Court.

## JURISDICTION AND VENUE

8. Plaintiff DOUGLAS EUGENE DAVIS realleges and incorporates by reference paragraphs 1-7 of his  complaint as if fully set forth herein.

2

9.  This is an action arising under the United States Constitution and under the laws of the United States Constitution., specifically  The Eighth Amendment of the United States Constitution and under the laws of the United States, specifically under the  Civil Rights Act , Title 42 U.S.C. §§ 1983 and 1988 and the United States Constitution, Amendments V, VIII and XIV, deprivation of liberty without due process of law and cruel and unusual punishment.

10. This Court has jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983 over Plaintiff's Federal Claims and supplemental jurisdiction over Plaintiff's  state claim pursuant to  28 U.S.C. § 1367.

11. Venue is proper in the Northern Division of the Eastern District of Michigan pursuant to 28 U.S.C. § 1391 as all parties reside or may be found in the Northern Division of the Eastern District of Michigan and all events giving rise to these claims took place in this district.

12. Plaintiff  DOUGLAS EUGENE DAVIS brings this suit against each and every Defendant in their individual and official capacities.

13. That each and every act of the above-named Defendants as set forth above were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, policies and usages of the State of Michigan and Defendant ISABELLA COUNTY  and by virtue and under the authority of each individual's employment with Isabella County, a subdivision of the State of Michigan.

## COMMON ALLEGATIONS

14. Plaintiff DOUGLAS EUGENE DAVIS realleges and incorporates by reference paragraphs 1-13 of his complaint as if fully set forth herein.

15. That at all times herein, Defendant ISABELLA COUNTY, as a governmental entity, had the overall control and supervision of the operations of the Isabella County Sheriff's Department and its employees.

16. That at all times herein, none of the above-named individuals were acting in furtherance of a legitimate governmental function and thus are not entitled to governmental immunity.

17. That Defendant ISABELLA COUNTY, through its officials promulgated policies, practices and customs which led to the events contained in this complaint.

18. On April 12, 2020, Plaintiff DOUGLAS EUGENE DAVIS was lawfully incarcerated in the Isabella County Jail pursuant to a judgment of sentence rendered by Isabella County Circuit Court Case No.: 19-1479-FH , *People of the State of Michigan v. Douglas Eugene Davis.*

19. On April 12, 2020, Defendant CHRISTOPHER CLULEY was employed by Defendant ISABELLA COUNTY's Isabella County Sheriff's Department as a sergeant in the Isabella County Jail.

20. Defendant CHRISTOPHER CLULEY , employed by Defendant ISABELLA COUNTY , since 2000, was the highest-ranking officer on duty at the jail during the 7PM to 7 AM shift.

21. Defendant SHAWN NARRAGON was also on duty at the Isabella County Jail on the same shift which ran from 7PM to 7AM.

22. As of April 12, 2020, Defendant CHRISTOPHER CLULEY had at least one prior suspension and one prior termination from his employment for excessive use of force against prisoners at the Isabella County Jail.

23. Defendant CHRISTOPHER CLUELY, upon information and belief , had at least one prior counselling for excessive use of force on an inmate.

24. That Defendant CHRISTOPHER CLULEY was reinstated and retained by the Defendant ISABELLA COUNTY's  Sheriff's Department after Defendant CHRISTOPHER CLULEY's termination for excessive use of force.

25. That on April 12, 2020, Defendant TAYLOR PATTON was on duty at the Isabella County Jail as a corrections officer and acting under color of law.

26. At or around 6:30 AM on April 12, 2020, Defendant TAYLOR PATTON and Plaintiff DOUGLAS EUGENE DAVIS had a discussion regarding the use of a television  switch . Defendant TAYLOR PATTON accused Plaintiff DOUGLAS EUGENE DAVIS of tampering with a television switch . At that time, Plaintiff DOUGLAS EUGENE was in the hallway waiting to take his morning blood glucose test.

27. Plaintiff DOUGLAS EUGENE DAVIS denied tampering with the television switch  and Defendant TAYLOR PATTON's response was to order  Plaintiff DOUGLAS EUGENE DAVIS into administrative segregation.

28. That shortly after that Plaintiff DOUGLAS EUGENE DAVIS was informed that he was to be transferred to administrative segregation over the accusation of his misuse of the television switch, , he asked Defendant CHRISTOPHER CLULEY why he was being taken to administrative segregation.

29. Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON started to escort Plaintiff DOUGLAS EUGENE DAVIS to administrative segregation.

30. That on April 12, 2020, Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON , without provocation , justification or attempts at de-escalation of the situation, , used excessive force on Plaintiff DOUGLAS EUGENE DAVIS while placing him in an administrative segregation cell. The entire transfer was recorded on the Isabella County Jail audio and video system.

31. As Plaintiff DOUGLAS EUGENE DAVIS exited his cell at around 6:25 AM , he was met by Defendant CHRISTOPHER CLULEY and Defendant SHAWN NARRAGON. At that time , Plaintiff DOUGLAS EUGENE DAVIS's arms were by his side and he was compliant with the orders of Defendants CLULEY and NARRAGON and offering no physical resistance.

32. As Plaintiff DOUGLAS EUGENE DAVIS was being escorted by Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON, Defendant CHRISTOPHER CLULEY told Plaintiff DOUGLAS EUGENE DAVIS that "[He] looked like an inmate--start acting like one." This statement was recorded on audio and video.

33. Contemporaneous with that statement, Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON pushed Plaintiff DOUGLAS EUGENE DAVIS against the wall.

34. As Plaintiff DOUGLAS EUGENE DAVIS was being pushed against the wall, Defendant CHRISTOPHER CLULEY told Plaintiff DOUGLAS EUGENE DAVIS " Put your fuckin' hands up towards me again, you're going to end up on the floor all goofed up." This statement was recorded on audio and video.

35. At no point did Plaintiff DOUGLAS EUGENE DAVIS raise his hands toward Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON.

36. Plaintiff DOUGLAS EUGENE DAVIS was escorted towards Max 1 Cell by Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON to be placed in administrative segregation.

37. That Defendant TAYLOR PATTON observed the actions of Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON and did not intervene or report the manner in which Plaintiff DOUGLAS EUGENE DAVIS was being handled.

38. At the time that Plaintiff DOUGLAS DAVIS approached the door of Max Cell 1 , his hands and arms were lifted high to the middle of his back by Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON and was forcefully pushed towards the door.

39. At that time, Defendant CHRISTOPHER CLULEY and/or Defendant SHAWN NARRAGON pushed and/or lifted and threw Plaintiff DOUGLAS EUGENE

DAVIS into the Max 1 cell inflicting serious injuries, including but not limited to a broken left patella and bruising on his left hip, sides and upper body.

40. During this time, Defendant SHAWN NARRAGON was observed by Jail Nurse Tamara Smith striking Plaintiff DOUGLAS EUGENE DAVIS with two to three palm strikes on his left upper body. The palm  strikes were not captured on video as they were not in camera range. Defendant CHRISTOPHER CLULEY was observed holding Plaintiff DOUGLAS EUGENE DAVIS  as Defendant SHAWN NARRAGON was striking him.

41. The video and audio depicts Plaintiff DOUGLAS EUGENE DAVIS, a large man, entering the Max 1 cell in an airborne trajectory with his feet off of the floor for at least 3-6 feet and landing on his side with an audible impact sound. As he was airborne, his jail-issued pants are seen falling to his feet.

42. Plaintiff DOUGLAS EUGENE DAVIS heard a " loud pop" on impact.

43. After Plaintiff DOUGLAS EUGENE DAVIS  landed on the cell floor, Defendant CHRISTOPHER CLULEY told Plaintiff DOUGLAS EUGENE DAVIS: " You wanna be all tough, do you?" as he walked along the cell as he observed Plaintiff DOUGLAS EUGENE DAVIS laying on the floor motionless in audible and visible pain. The jail video and audio indicated that Plaintiff DOUGLAS EUGENE DAVIS was crying.

44. As he lay on the cell floor,  Plaintiff DOUGLAS EUGENE DAVIS requested that Defendant CHRISTOPHER CLULEY get him a" doctor and a lawyer and requested that he be allowed to make a phone call."

45. The response to this request by Plaintiff DOUGLAS EUGENE DAVIS by Defendant CHRISTOPHER CLULEY was to the effect : "Call your own attorney yourself, you retard."

46. The video shows Plaintiff DOUGLAS EUGENE DAVIS laying on the floor for a considerable period of time. There was no assistance from Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON despite the obvious need for medical assistance.

47. At the time that he was laying on the floor, Plaintiff DOUGLAS EUGENE DAVIS told Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON that he needed help and that he could not move or get up. His medical needs were ignored by Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON during the entire period that he lay on the floor.

48. Plaintiff DOUGLAS EUGENE DAVIS dragged himself along the cell bars along the floor and propped himself up against the door and kicked the cell door with his right foot for help.

49. A nighttime laundry trustee ( a prisoner) that came along was told by Plaintiff DOUGLAS EUGENE DAVIS that he needed medical help. Shortly after he told the trustee, CO Jacob Eggers came in and took him to the hospital for medical treatment.

50. At no time did Defendants CHRISTOPHER CLULEY, SHAWN NARRAGON and TAYLOR PATTON make any effort to obtain medical assistance for Plaintiff DOUGLAS EUGENE DAVIS as he lay on the floor of the jail.

51. Shortly after the incident, Defendant CHRISTOPHER CLULEY asked, without any apparent urgency, Jail Nurse  Tamera Smith to see Plaintiff DOUGLAS EUGENE DAVIS later that day. At the time that Defendant CHRISTOPHER CLULEY made the request, Plaintiff DOUGLAS EUGENE DAVIS was still laying on the floor in need of immediate medical attention.

52. Defendant CHRISTOPHER CLULEY told  Nurse  Smith that Plaintiff DOUGLAS EUGENE DAVIS was " acting like he was hurt worse than he was."

53. Defendant CHRISTOPHER CLULEY actively misrepresented and concealed to Nurse Smith the true  and accurate physical and medical condition of Plaintiff DOUGLAS EUGENE DAVIS as well as the cause of his injuries.

54. In reliance on Defendant CHRISTOPHER CLULEY's information, Nurse Smith did not immediately examine Plaintiff DOUGLAS EUGENE DAVIS, let alone render prompt aid as he was laying on the cell floor.

55. It was only after seeing the video of the incident that Nurse Smith became immediately concerned about Plaintiff DOUGLAS EUGENE DAVIS's condition and rendered aid.

56. Plaintiff DOUGLAS EUGENE DAVIS was immediately taken to the hospital where x-rays indicated the presence of a broken left patella. Plaintiff DOUGLAS EUGENE DAVIS was immediately provided treatment.

57. As a result of a prisoner incident and in conformance with jail policy , Defendant CHRISTOPHER CLULEY was required to submit a jail incident report.

58. Defendant CHRISTOPHER CLULEY , in an attempt to cover up or minimize his actions submitted a materially false jail incident report by misrepresenting the actions of  Plaintiff DOUGLAS EUGENE DAVIS that led up to the excessive use of use of force by Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON.

59.  Defendant CHRISTOPHER CLULEY also falsely stated in his report that no force was used against Plaintiff DOUGLAS EUGENE DAVIS.

60. At no time during this incident was Plaintiff DOUGLAS EUGENE DAVIS posing a threat to jail security or endangering jail personnel to justify the use of force .

61. There was no attempt to deescalate made by Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON. To the contrary,  they escalated the situation with a compliant prisoner who did not resist causing injuries to Plaintiff DOUGLAS EUGENE DAVIS.

## COUNT I- VIOLATION OF THE EIGHTH AMENDMENT , 42 USC § 1983
## DEFENDANT CHRISTOPHER CLULEY
## EXCESSIVE FORCE

62. Plaintiff  DOUGLAS EUGENE DAVIS  realleges and incorporates by reference paragraphs 1-61 of his  complaint as if fully set forth herein.

63. That the Eighth Amendment of the United States Constitution prohibition against cruel and unusual punishment, applicable to the State of Michigan and its political subdivisions through the Fourteenth Amendment proscribes the use of excessive physical force against prisoners and imposes a duty on jail officials to take reasonable measures to guarantee the physical well-being and safety of inmates.

64. Plaintiff DOUGLAS EUGENE DAVIS was a prisoner in the Isabella County jail at the time of his injuries.

65. That Defendant CHRISTOPHER CLULEY violated  Plaintiff  DOUGLAS EUGENE DAVIS's  federally protected rights by gratuitously and unnecessarily escalating a benign situation with a compliant prisoner , applying unnecessary and excessive force and holds to, throwing  or pushing him  into a cell with excessive force and then concealing or falsifying the incident even though Plaintiff  DOUGLAS EUGENE DAVIS  never threatened, resisted or assaulted Defendant CHRISTOPHER CLULEY or other jail officers.

66. Defendant CHRISTOPHER CLULEY had no need or justification to apply the level of force that he used as well as to continuously escalate the force used against Plaintiff  DOUGLAS EUGENE DAVIS without any attempt at de-escalation of force or the situation.

67. The actions of Defendant CHRISTOPHER CLULEY were made with the sole purpose and intent causing harm to Plaintiff  DOUGLAS EUGENE DAVIS

and/or with deliberate indifference to Plaintiff  DOUGLAS EUGENE DAVIS's constitutional rights.

68.  Defendant CHRISTOPHER CLULEY's actions did not further  the objectives and mission of  the Isabella County Jail and its policies and procedures and was a good faith effort to maintain or restore prisoner discipline.

69.  Plaintiff DOUGLAS EUGENE DAVIS suffered serious injury as a result of the unreasonable use of excessive force used by Defendant CHRISTOPHER CLULEY.

70. The Eighth Amendment to the United States Constitution prohibits the unnecessary, gratuitous and wanton infliction of injury and pain through the use of excessive force directed and applied to a prisoner.

71. That the actions of Defendant CHRISTOPHER CLULEY constitute a violation of Plaintiff  DOUGLAS EUGENE DAVIS's Eighth Amendment rights and pursuant to 42 U.S.C. §1983 , Plaintiff  DOUGLAS EUGENE DAVIS states a claim for compensatory and punitive damages, costs, interest and attorney fees.

WHEREFORE , Plaintiff  DOUGLAS EUGENE DAVIS Prays that this Court enter judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory economic and non-economic damages , future  medical expenses and and punitive damages as well as costs , interest and attorney's fees against Defendant CHRISTOPHER CLULEY, jointly and severally with the other named defendants in this complaint.

## COUNT II- VIOLATION OF THE EIGHTH AMENDMENT , 42 USC § 1983

## DEFENDANT SHAWN NARRAGON

## EXCESSIVE FORCE

## FAILURE TO PROTECT

72. Plaintiff  DOUGLAS EUGENE DAVIS  realleges and incorporates by reference paragraphs 1-71  of his  complaint as if fully set forth herein.

73. That the Eighth Amendment of the United States Constitution prohibition against cruel and unusual punishment, applicable to the State of Michigan and its political subdivisions through the Fourteenth Amendment proscribes the use of excessive physical force against prisoners and imposes a duty on jail officials to take reasonable measures to guarantee the physical well-being and safety of inmates.

74. Plaintiff DOUGLAS EUGENE DAVIS was a prisoner in the Isabella County jail at the time of his injuries.

75. That Defendant SHAWN NARRAGON violated  Plaintiff  DOUGLAS EUGENE DAVIS's  federally protected rights by gratuitously and unnecessarily escalating a benign situation with a compliant prisoner , applying unnecessary and excessive force and holds to,  striking him about the upper body and shoulder throwing  or pushing him  into a cell with excessive force and then concealing or falsifying the incident even though Plaintiff  DOUGLAS EUGENE DAVIS never

threatened, resisted or assaulted Defendant SHAWN NARRAGON  or other jail officers.

76. Defendant SHAWN NARRAGON  had  no need or justification to apply the excessive level of force that he used as well as to continuously escalate the force used against Plaintiff  DOUGLAS EUGENE DAVIS without any attempt at de-escalation of force or the situation.

77. The actions of Defendant  SHAWN NARRAGON were made with the sole purpose and intent of causing harm to Plaintiff  DOUGLAS EUGENE DAVIS and/or with deliberate indifference to Plaintiff  DOUGLAS EUGENE DAVIS's constitutional rights.

78. Defendant SHAWN NARRAGON's actions did not further  the objectives and mission of  the Isabella County Jail and its policies and procedures and was a good faith effort to maintain or restore prisoner discipline.


79. Plaintiff DOUGLAS EUGENE DAVIS suffered serious injury as a result of the unreasonable excessive force used by Defendant SHAWN NARRAGON.

80. The Eighth Amendment to the United States Constitution prohibits the unnecessary, gratuitous and wanton infliction of injury and pain through the use of excessive force directed and applied to a prisoner.

81. That the actions of Defendant  SHAWN NARRAGON constitute a violation of Plaintiff  DOUGLAS EUGENE DAVIS's Eighth Amendment rights and pursuant to 42 U.S.C. §1983 , Plaintiff  DOUGLAS EUGENE DAVIS states a

claim for compensatory, future medical  and punitive damages, costs, interest and attorney fees.

WHEREFORE , Plaintiff  DOUGLAS EUGENE DAVIS Prays that this Court enter judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory economic and non-economic damages , future medical expenses and punitive damages as well as costs , interest and attorney's fees against Defendant SHAWN NARRAGON, jointly and severally with the other named defendants in this complaint.

**COUNT III- VIOLATION OF THE EIGHTH AMENDMENT**

**42 USC § 1983**

**DEFENDANT SHAWN NARRAGON**

**FAILURE TO PROTECT PLAINTIFF**

**DELIBERATE INDIFFERENCE**

82. Plaintiff  DOUGLAS EUGENE DAVIS  realleges and incorporates by reference paragraphs 1-81  of his  complaint as if fully set forth herein.

83. That at the time leading up to the application of excessive force to Plaintiff DOUGLAS EUGENE DAVIS  by Defendant CHRISTOPHER CLUELY , Defendant SHAWN NARRAGON had a duty as a corrections officer at the Isabella County Jail to protect Plaintiff DOUGLAS EUGENE DAVIS who was a confined prisoner.

84. That Defendant SHAWN NARRAGON was aware of the excessive force being applied to Plaintiff DOUGLAS EUGENE DAVIS  by his supervisor Defendant CHRISTOPHER CLUELY and the substantial risk for serious injury to a prisoner  resulting from unwarranted and unreasonable excessive force.

85.  That at the time of the application of application of excessive force being applied to Plaintiff DOUGLAS EUGENE DAVIS  by Defendant CHRISTOPHER CLUELY which resulted in serious harm, Defendant SHAWN NARRAGON did not take reasonable available measures to protect Plaintiff DOUGLAS EUGENE DAVIS  from the actions of  Defendant CHRISTOPHER CLUELY as a reasonable corrections officer in the circumstances would have appreciated the high degree of risk involved as well as the obvious and foreseeable consequences of an excessive use of force.

86. That the failure and or deliberate indifference of Defendant SHAWN NARRAGON to take measures to protect Plaintiff DOUGLAS EUGENE DAVIS from the excessive use of force by Defendant CHRISTOPHER CLUELY caused serious injuries to Plaintiff DOUGLAS EUGENE DAVIS .

WHEREFORE , Plaintiff  DOUGLAS EUGENE DAVIS Prays that this Court enter judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory economic and non-economic damages  and punitive damages as well as costs , interest and attorney's fees against Defendant SHAWN

NARRAGON, jointly and severally with the other named defendants in this complaint.

<strong><u>COUNT IV- VIOLATION OF THE EIGHTH AMENDMENT</u></strong>

<strong><u>42 USC § 1983</u></strong>

<strong><u>DEFENDANT TAYLOR PATTON</u></strong>

<strong><u>FAILURE TO PROTECT PLAINTIFF</u></strong>

<strong><u>DELIBERATE INDIFFERENCE</u></strong>

87. Plaintiff  DOUGLAS EUGENE DAVIS  realleges and incorporates by reference paragraphs 1-86  of his  complaint as if fully set forth herein.

88.  That at the time leading up to the application of excessive force to Plaintiff DOUGLAS EUGENE DAVIS  by Defendant CHRISTOPHER CLUELY , Defendant TAYLOR PATTON  had a duty as a corrections officer at the Isabella County Jail to protect Plaintiff DOUGLAS EUGENE DAVIS who was a confined prisoner.

89. That Defendant TAYLOR PATTON was aware of the excessive force being applied to Plaintiff DOUGLAS EUGENE DAVIS  by his supervisor Defendant CHRISTOPHER CLUELY AND Defendant SHAWN NARRAGON  and the substantial risk for serious injury to a prisoner  resulting from unwarranted and unreasonable excessive force.

90.  That at the time of the application of application of excessive force being applied to Plaintiff DOUGLAS EUGENE DAVIS  by Defendant CHRISTOPHER

CLUELY and Defendant SHAWN NARRAGON which resulted in serious harm, Defendant TAYLOR PATTON did not take reasonable available measures to protect Plaintiff DOUGLAS EUGENE DAVIS  from the actions of  Defendant CHRISTOPHER CLUELY and Defendant SHAWN NARRAGON  as a reasonable corrections officer in the circumstances would have appreciated the high degree of risk involved as well as the obvious and foreseeable consequences of an excessive use of force.

91. That the failure and or deliberate indifference of Defendant TAYLOR PATTON to take measures to protect Plaintiff DOUGLAS EUGENE DAVIS  from the excessive use of force by Defendants CHRISTOPHER CLUELY and SHAWN NARRAGON  caused serious injuries to Plaintiff DOUGLAS EUGENE DAVIS .

WHEREFORE , Plaintiff  DOUGLAS EUGENE DAVIS Prays that this Court enter judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory economic and non-economic damages  and punitive damages as well as costs , interest and attorney's fees against Defendant TAYLOR PATTON , jointly and severally with the other named defendants in this complaint.

## COUNT V- VIOLATION OF THE EIGHTH AMENDMENT

## 42 USC § 1983

## DEFENDANT CHRISTOPHER CLULEY

## FAILURE TO PROVIDE MEDICAL CARE

## DELIBERATE INDIFFERENCE

92. Plaintiff DOUGLAS EUGENE DAVIS realleges and incorporates by reference paragraphs 1-91 of his complaint as if fully set forth herein.

93. That at the time after Plaintiff DOUGLAS EUGENE DAVIS was pushed and or thrown into Max Cell 1 by Defendant CHRISTOPHER CLULEY, it was obvious to even a casual observer that Plaintiff DOUGLAS EUGENE DAVIS had suffered serious injury as a result of the unwarranted and unreasonable application of excessive force by Defendants CHRISTOPHER CLULEY and SHAWN NARRAGON.

94. As he lay on the cell floor, Plaintiff DOUGLAS EUGENE DAVIS asked Defendant CHRISTOPHER CLULEY for medical assistance as a result of his injuries.

95. Defendant CHRISTOPHER CLULEY did not seek medical attention for Plaintiff DOUGLAS EUGENE DAVIS . In fact, his response to the request from the injured prisoner for legal and medical assistance was : "Get a lawyer yourself, you retard" as there was no acknowledgement of Plaintiff DOUGLAS EUGENE DAVIS's medical condition.

96. Defendant CHRISTOPHER CLULEY concealed and/or misrepresented Plaintiff DOUGLAS EUGENE DAVIS's medical condition and his need for immediate medical assistance to the jail nurse, Tamera Smith by minimizing the injuries sustained by Plaintiff DOUGLAS EUGENE DAVIS as a result of the excessive force applied to him.

97. It was only after Nurse Smith's observation of the video and the response by a fellow prisoner that Plaintiff DOUGLAS EUGENE DAVIS received the necessary urgent care, examination and treatment by professional medical personnel. Otherwise, there was a high probability that Plaintiff DOUGLAS EUGENE DAVIS would have remained on the cell floor for more than 45 minutes awaiting help.

98. Defendant CHRISTOPHER CLULEY had an affirmative duty to take reasonable measures to guarantee the physical well-being and safety of inmates like Plaintiff DOUGLAS EUGENE DAVIS.

99. Defendant CHRISTOPHER CLULEY's, while acting under the color of law, failure to take measures to render immediate aid or to report Plaintiff DOUGLAS EUGENE DAVIS's injuries constituted a violation of that duty as well as a violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983.

100.    Defendant CHRISTOPHER CLULEY's, while acting under the color of law, deliberate indifference to Plaintiff DOUGLAS EUGENE DAVIS's injuries

constituted a violation of the Eighth Amendment to the United States

Constitution and 42 U.S.C. § 1983.

101.   That Plaintiff DOUGLAS EUGENE DAVIS suffered serious injury and

emotional distress as a result of the actions and/or inactions of Defendant

CHRISTOPHER CLULEY.


WHEREFORE , Plaintiff DOUGLAS EUGENE DAVIS Prays that this Court

enter judgment in an amount in excess of Seventy-Five Thousand Dollars

($75,000.00) in compensatory economic and non-economic damages and punitive

damages as well as costs , interest and attorney's fees against Defendant

CHRISTOPHER CLULEY  jointly and severally with the other named defendants

in this complaint.


## COUNT VI-ISABELLA COUNTY

## MUNICIPAL/ SUPERVISORY LIABILITY

## EIGHTH AMENDMENT ,42 U.S.C. § 1983


102.   Plaintiff DOUGLAS EUGENE DAVIS  realleges and incorporates by

reference paragraphs 1-101  of his  complaint as if fully set forth herein.

103.   That at all times set forth in this complaint, Defendant ISABELLA

COUNTY, acting through its supervisory officers and officials, by its own

customs, policies and/or practices failed to establish, maintain or enforce, and/or

systematically failed to properly train, evaluate, supervise, those persons in

charge of prisoners in the Isabella County Jail,

104.   That all times set forth in this complaint, Defendant ISABELLA COUNTY

acted recklessly and/or with delivered indifference when it practice and were

permitted customs and or policies and/or practices that resulted in the

constitutional violations to Plaintiff DOUGLAS EUGENE DAVIS.

105.   That the customs and/or  general policies and/or practices included, but were

not limited to:

        a.  failure to train its officers in the proper policies and procedures

            regarding the use of force;

        b.   failing to supervise corrections officer to ensure that unlawful and

            excessive force is not used;

        c.  failure to train corrections officers as to prompt and proper

            evaluation and treatment of seriously injured prisoners;

        d.  failing to supervise, review, and or discipline corrections officers.

            Defendant ISABELLA COUNTY  knew or should have known were

            using unreasonable and unnecessary excessive force, thereby

            permitting or otherwise acquiescing to its corrections officers using

            excessive force;

        e.  retaining and reinstating Defendant CHRISTOPHER CLULEY

            who was previously suspended and terminated on at least  two

            separate occasions for excessive use of force, knowing or having

reason to know that he posed an unreasonable risk of causing

serious injury to inmates at the Isabella County Jail; and,

f.  failing to  train its corrections officers as to proper de-escalation

methods to protect prisoners from injuries.

106.   That the improper policies, practices, procedures, and customs of Defendant

ISABELLA COUNTY and  Isabella County Sheriff Department proximately

caused the violation of Plaintiff DOUGLAS EUGENE DAVIS's Eighth

Amendment rights.

107.   There is a direct and proximate cause of Defendant ISABELLA COUNTY's

actions, Plaintiff DOUGLAS EUGENE DAVIS has suffered serious injuries,

including but not limited to physical harm, severe emotional harm, mental

anguish, humiliation, embarrassment, shock ,fright, medical expenses and lost

wages.

WHEREFORE , Plaintiff  DOUGLAS EUGENE DAVIS Prays that this Court enter

judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in

compensatory economic and non-economic damages and punitive damages as well

as costs , interest and attorney's fees against Defendant ISABELLA COUNTY ,

jointly and severally with the other named defendants in this complaint.

## COUNT VI

## GROSS NEGLIGENCE AS TO ALL DEFENDANTS

108.    Plaintiff  DOUGLAS EUGENE DAVIS  realleges and incorporates by

reference paragraphs 1-107  of his  complaint as if fully set forth herein.

109.    That at all times herein, Defendant ISABELLA COUNTY was engaged in the

exercise of  or  discharge of a governmental function.

110.    That Defendants CHRISTOPHER CLULEY,  SHAWN NARRAGON and

TAYLOR PATTON  were at all times herein, employees of Defendant

ISABELLA COUNTY.

111.    Then Defendants CHRISTOPHER CLULEY,  SHAWN NARRAGON and

TAYLOR PATTON , notwithstanding the standard duty of care, owed Plaintiff

DOUGLAS EUGENE DAVIS the duty to perform their employment activities so

as not to endanger or cause harm to Plaintiff DOUGLAS EUGENE DAVIS.

112.    That Defendants CHRISTOPHER CLULEY ,SHAWN NARRAGON and

TAYLOR PATTON breached their duty by acting indifferently or grossly

negligent without regard to the welfare of Plaintiff DOUGLAS EUGENE DAVIS

and causing serious injuries and damages to him.

113.    That Defendants CHRISTOPHER CLULEY, SHAWN NARRAGON and

TAYLOR PATTON  knew or should have known that by breaching these duties,

Plaintiff DOUGLAS EUGENE DAVIS would be injured.

114.   That pursuant to MCL 691.1407(20, the breach of Defendants CHRISTOPHER CLULEY , SHAWN NARRAGON and TAYLOR PATTON's duty to exercise reasonable care was reckless and amounts to gross negligence.

115.   That Defendants CHRISTOPHER CLULEY, SHAWN NARRAGON and TAYLOR PATTON negligently, with gross negligence, recklessly, willfully, wantonly , maliciously, knowingly and/or deliberately breached their duties to Plaintiff DOUGLAS EUGENE DAVIS.

116.   That is a direct and proximate result of Defendants CHRISTOPHER CLULEY , SHAWN NARRAGON and TAYLOR PATTON'S'S indifferent/grossly negligent acts and/or omissions, Plaintiff DOUGLAS EUGENE DAVIS suffered injuries and damages.

117.   That Defendant ISABELLA COUNTY owed Plaintiff DOUGLAS EUGENE DAVIS the following duties:

a.  to adequately train and/or supervise all employees under its control and/or supervision;

b.  to prevent intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of its employees such as Defendants CHRISTOPHER CLULEY, SHAWN NARRAGON and TAYLOR PATTON.

     **c.** to enact, implement, or utilize directions, policies, practices, in order customs form which Defendant ISABELLA COUNTY are able to provide for the safety of prisoners lawfully in its custody at the Isabella County Jail; and

     **d.** preventing the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent and foreseeable conduct, ask, and or omission of its employees and/or agents.

118.   That Defendant ISABELLA COUNTY breached the duties set forth in ¶¶ 104 a.-d and was willful and wanton and/or grossly negligent when it breached the duties.

119.   That as a direct and proximate result of the grossly negligent acts and omissions of Defendant ISABELLA COUNTY , Plaintiff DOUGLAS EUGENE DAVIS suffered injuries and damages.

    WHEREFORE , Plaintiff DOUGLAS EUGENE DAVIS Prays that this Court enter judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory economic and non-economic damages and punitive damages as well as costs , interest and attorney's fees against Defendant ISABELLA COUNTY , jointly and severally with the other named defendants in this complaint.

Dated: March 26, 2023                    /s/ Mark L. Dobias
                                         Mark L. Dobias (P35160)
                                         Attorney for Defendant
                                         546 Ashmun Street, PO Box 480
                                         Sault Ste. Marie, MI 49783
                                         906.632.8440
                                         dobiaslaw@sbcglobal.net

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

**DOUGLAS EUGENE DAVIS,**

        **Plaintiff,**

                           **Case No.:**
                           **Hon.**

**v.**

**ISABELLA COUNTY, Isabella County Corrections Officers**
**CHRISTOPHER CLULEY, SHAWN NARRAGON**
**and MICHAEL MAIN , Isabella County Sheriff, in their individual and**
**official capacities, Jointly and Severally,**

        **Defendants.**

_____/
**MARK L. DOBIAS, P.C.**
**Mark L. Dobias (P35160)**
**546 Ashmun Street PO Box 480**
**Sault Ste. Marie, MI 49783**
**906.632.8440**
***dobiaslaw@sbcglobal.net***
_____/

## DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, DOUGLAS EUGENE DAVIS, by and through his

attorney, MARK  L. DOBIAS, P.C.  and requests a trial by jury.

Dated: March 26, 2023               */s/ Mark L. Dobias*_____
                                  Mark L. Dobias (P35160)
                                  Attorney for Defendant
                                  546 Ashmun Street, PO Box 480
                                  Sault Ste. Marie, MI 49783
                                  906.632.8440
                                  dobiaslaw@sbcglobal.net